# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JAVIER ESTRADA,<br>Petitioner,<br>v.<br>BRIAN ALLO,<br>Respondent. | Case No. 1:26-cv-04882-JLT-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of first-degree murder, and the jury found true a drive by shooting special circumstance allegation and a firearm enhancement allegation. He was sentenced to life without the possibility of parole, plus twenty-five years to life. (LD[1] 1.) On October 16, 2018, the California Court of Appeal vacated the sentence and remanded the matter for resentencing in light of California Senate Bill No. 620. In all other respects, the judgment was affirmed. (LD 2.) On January 16, 2019, the California Supreme Court denied the petition for review. (LDs 3, 4.)

On June 25, 2020, the trial court resentenced Petitioner. (LD 5 at 3.) On May 6, 2022, the California Court of Appeal affirmed the judgment. (LD 5.) On July 20, 2022, the California Supreme Court denied the petition for review. (LDs 6, 7.)

[1] "LD" refers to the documents lodged by Respondent on August 18, 2026. (ECF No. 8.)

In the motion to dismiss, Respondent argues that the "state appeal process became 'final' within the meaning of § 2244(d)(1)(A), when the ninety-day time period for filing a petition for writ of certiorari expired, on October 18, 2022" after the California Supreme Court denied Petitioner's first petition for review on July 20, 2022. However, the California Court of Appeal vacated the sentence and remanded the matter for resentencing, and the trial court resentenced Petitioner on June 25, 2020.

In Magwood v. Patterson, 561 U.S. 320 (2010), the Supreme Court "held that when a defendant is resentenced, he has received a new judgment that renders a new, numerically second petition 'not "second or successive"' because it is the first petition challenging the new judgment." Smith v. Williams, 871 F.3d 684, 687 (9th Cir. 2017) (quoting Magwood, 561 U.S. at 341–42). The Supreme Court "concluded that the only relevant judgment for a habeas application is the one pursuant to which a prisoner may be incarcerated[.]" Smith, 871 F.3d at 687. See also Clayton v. Biter, 868 F.3d 840, 843–44 (9th Cir. 2017) ("Shortly after *Magwood*, we clarified in *Wentzell* that a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012))).

"*Magwood* compels the conclusion that the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated." Smith, 871 F.3d at 687. In Smith, the Ninth Circuit rejected the "state's argument that the statute of limitations runs from the *original* judgment rather than the new judgment" because it "is not only contrary to the language of § 2244(d)(1), but would also make cases interpreting AEDPA's 'second or successive' bar irrelevant." Id.

The Court finds that supplemental briefing on this issue would assist the Court in this matter. Accordingly, the Court HEREBY ORDERS that:

1. Within **FOURTEEN (14) days** of the date of service of this order, Respondents SHALL FILE:
    a. A supplemental brief addressing Smith v. Williams, 871 F.3d 684 (9th Cir. 2017), and whether this case is distinguishable; and

b. Relevant documents regarding Petitioner's resentencing, including any amended or new judgment.

2. Within **FOURTEEN (14) days** of the date of service of Respondent's supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **November 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge